**YI MEI WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73999.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 24, 2012.

David Z. Su, Esquire, Law Offices of David Z. Su, Monterey Park, CA, for Petitioner.

Liza Murcia, OIL, David V. Bernal, Assistant Director, Ilissa M. Gould, Trial, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Yi Mei Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Wang testified that Chinese police sought to arrest him because he assaulted a police officer and obstructed official police duties. Wang does not allege he suffered past persecution, but fears persecution in the future. Substantial evidence supports the agency's finding that, even if credible, Wang failed to establish a well-founded fear of future persecution on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004) (ordinary prosecution for criminal activity is not persecution on account of a protected ground). Accordingly, Wang's asylum and withholding of removal claims fail. *See id.* at 1045.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

